# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| LISA M. DUNSCOMBE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:19-CV-554 NAB |
| | ) | |
| ANDREW M. SAUL,[1] | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff Lisa M. Dunscombe's appeal regarding the denial of disability insurance benefits under the Social Security Act. The parties have consented to the exercise of authority by the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). [Doc. 4.] The Court has reviewed the parties' briefs and the entire administrative record, including the transcript and medical evidence. Based on the following, the Court will affirm the Commissioner's decision.

**I.   Issues for Review**

Dunscombe presents three issues for review. First, she asserts that the administrative law judge ("ALJ") should have given her treating physician's medical opinion controlling weight in the evaluation of her claim. Next, she claims that the ALJ should have given the medical expert's opinion more weight. Finally, she states that the ALJ should have considered whether she was

---

[1] At the time this case was filed, Nancy A. Berryhill was the Acting Commissioner of Social Security. Andrew M. Saul became the Commissioner of Social Security on June 4, 2019. When a public officer ceases to hold office while an action is pending, the officer's successor is automatically substituted as a party. Fed. R. Civ. P. 25(d). Later proceedings should be in the substituted party's name and the Court may order substitution at any time. *Id.* The Court will order the Clerk of Court to substitute Andrew M. Saul for Nancy A. Berryhill in this matter.

entitled to a closed period of disability. The Commissioner asserts that the ALJ's decision is supported by substantial evidence in the record as a whole and should be affirmed.

**II.     Standard of Review**

The Social Security Act defines disability as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

The standard of review is narrow. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001). This Court reviews the decision of the ALJ to determine whether the decision is supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g). Substantial evidence is less than a preponderance, but enough that a reasonable mind would find adequate support for the ALJ's decision. *Smith v. Shalala,* 31 F.3d 715, 717 (8th Cir. 1994). The Court determines whether evidence is substantial by considering evidence that detracts from the Commissioner's decision as well as evidence that supports it. *Cox v. Barnhart*, 471 F.3d 902, 906 (8th Cir. 2006). The Court may not reverse just because substantial evidence exists that would support a contrary outcome or because the Court would have decided the case differently. *Id.* If, after reviewing the record as a whole, the Court finds it possible to draw two inconsistent positions from the evidence and one of those positions represents the Commissioner's finding, the Commissioner's decision must be affirmed. *Masterson v. Barnhart*, 363 F.3d 731, 736 (8th Cir. 2004). The Court must affirm the Commissioner's decision so long as it conforms to the law and is supported by substantial evidence on the record as a whole. *Collins ex rel. Williams v. Barnhart*, 335 F.3d 726, 729 (8th Cir. 2003).

Dunscombe's last date of eligibility for disability insurance benefits was March 31, 2014. Because Dunscombe's last date insured is March 31, 2014, Dunscombe has the burden to show

that she had a disabling impairment before her insured status expired for disability insurance benefits. *See Barnett v. Shalala*, 996 F.2d 1221 (8th Cir. 1993) (*citing Basinger v. Heckler*, 725 F.2d 1166, 1168 (8th Cir. 1984)). "When an individual is no longer insured for Title II disability purposes, [the Court] will only consider her medical condition as of the date [she] was last insured." *Davidson v. Astrue,* 501 F.3d 987, 989 (8th Cir. 2007)  "Evidence from outside the insured period can be used in helping to elucidate a medical condition during the time for which benefits may be rewarded." *Cox*, 471 F.3d at 907.  But, the evidence from outside the period cannot serve as the only support for the disability claim.

### III.  Discussion

#### A.  Medical Opinion

Dunscombe's first two claims assert error in the ALJ's evaluation of the medical opinions of her treating physician, Dr. Athmaram Shetty and the medical examiner Dr. Subramaniam Krishnamurthi.

Medical opinions are statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of a claimant's impairments, including symptoms, diagnosis and prognosis, and what the claimant can still do despite her impairments and her physical or mental restrictions.  20 C.F.R. § 404.1527(a)(2)[2].  All medical opinions, whether by treating or consultative examiners, are weighed based on (1) whether the provider examined the claimant; (2) whether the provider is a treating source; (3) length of treatment relationship and frequency of examination, including nature and extent of the treatment relationship; (4) supportability of opinion with medical signs, laboratory findings, and

---

[2] Several Social Security regulations were changed effective March 27, 2017.  The Court will use the regulations effective at the time that this claim was filed in 2014.

3

explanation; (5) consistency with the record as a whole; (6) specialization; and (7) other factors which tend to support or contradict the opinion.  20 C.F.R. § 404.1527(c).

Generally, a treating physician's opinion is given controlling weight, but is not inherently entitled to it.  *Hacker v. Barnhart*, 459 F.3d 934, 937 (8th Cir. 2006).  A treating physician's opinion "does not automatically control or obviate the need to evaluate the record as [a] whole." *Leckenby v. Astrue*, 487 F.3d 626, 632 (8th Cir. 2007).  A treating physician's opinion will be given controlling weight if the opinion is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the case record.  20 C.F.R. § 404.1527(c); *see also Hacker*, 459 F.3d at 937.  "Whether the ALJ grants a treating physician's opinion substantial or little weight, the regulations provide that the ALJ must 'always give good reasons' for the particular weight given to a treating physician's evaluation." *Prosch v. Apfel,* 201 F.3d 1010, 1013 (8th Cir. 2000).

"Good reasons for assigning lesser weight to the opinion of a treating source exist where the treating physician's opinions are themselves inconsistent, or where other medical assessments are supported by better or more thorough medical evidence."  *Chesser v. Berryhill*, 858 F.3d 1161, 1164 (8th Cir. 2017) (internal citations omitted).  The court reviews "the record to ensure that an ALJ does not disregard evidence or ignore potential limitations, but [it is not required for] an ALJ to mechanically list and reject every possible limitation."  *McCoy v. Astrue*, 648 F.3d 605, 615 (8th Cir. 2011).

### 1. Dr. Athmaram Shetty

Dr. Athmaram Shetty treated Dunscombe between 2012 and 2017 for essential hypertension, incontinence, restless leg syndrome, and hypothyroidism unspecified, anxiety, osteopenia, depression, gastroesophageal reflux disease ("GERD"), obstructive sleep apnea,

obesity, type II diabetes mellitus, spondylolysis in the lumbar region, degenerative joint disease of the lumbar spine, abdominal discomfort in the left lower quadrant, fibromyalgia, chronic pain, and acute bronchitis. He also treated her for pain in her hand, shoulder, back, hip, and pelvic region. Dr. Shetty treated Dunscombe six times before the expiration of the date last insured.

Dr. Shetty completed a Medical Source Statement-Physical for Dunscombe on July 10, 2017. (Tr. 1102-1104.) Dr. Shetty indicated that Dunscombe's treatment began in 2012. He wrote that her diagnoses included bilateral basal joint arthritis, degenerative disc disease, chronic pain, generalized anxiety, obstructive sleep apnea, and obesity. (Tr. 1102.) He also wrote that "Pain increases anxiety levels, and in turn, anxiety levels increase the perception of pain." (Tr. 1102.) He opined that she would miss work 1 to 2 days per month due to back and hand pain and anxiety. (Tr. 1103.) He also stated that Dunscombe's symptoms would interfere with attention and concentration 20% of the time. (Tr. 1103.) Dr. Shetty opined that Dunscombe would need to "lie down to relieve pressure on low back and/or naps due to medication side effects at least 2-3 times per day for approximately 45 minutes to 1 hour" during an 8-hour weekday. He opined that she had "difficulty picking up and holding on to objects, difficulty writing for even short periods." He stated that she could stand and/or walk for a maximum of 2 hours in an 8-hour workday. He opined that she can lift 10 pounds on a regular and continuing basis for 8 hours per day, 5 days per week. He indicated that the limitations in the medical source statement applied for her back since 2012 and her hands since 2013.

The ALJ gave little weight to Dr. Shetty's opinion because it was too remote to be associated with any limitation prior to the date last insured. (Tr. 20.) The ALJ noted that there were no treatment notes prior to Dunscombe's April 3, 2014 visit with Dr. Shetty to substantiate his opinions. The ALJ also stated that the limitations that he offered were not consistent with the

objective evidence of record from January 2013 through March 2014.  Dunscombe asserts that Dr. Shetty's opinion is entitled to controlling weight, because objective evidence supports his opinion and his opinion is not inconsistent with other substantial evidence of record,

The Court has reviewed the evidence Dunscombe highlights in support of Dr. Shetty's opinion.  Most of the evidence cited is dated beyond the date last insured and even then does not support the significant limitations contained in Dr. Shetty's medical source statement.  For example, Dr. David Haueisen's treatment notes indicated that Plaintiff's thumb arthritis was successfully treated with injections for over a year.  Dr. Haueisen's treatment note from September 2013 indicated that she had had a cortisone injection from Dr. Shetty "a year or two ago," but did not have any "meaningful improvement." (Tr. 404.)  Dr. Haueisen then gave her a left thumb basal joint injection.  (Tr. 406.)  Dr. Haueisen's treatment notes from April 2014 and September 2014 indicate that after the injections that Dunscombe did much better, did not come back for any further follow-up, and the injections provided "good relief for several months."  (Tr. 398, 510.)  In March 2015, however, Dunscombe reported such severe pain that she held her breath to keep her thumb from hurting.  (Tr. 677.)  Dr. Haueisen noted that "She has much more severe pain than we typically see with thumb basal joint arthritis." (Tr. 679.)  He stated that the x-rays showed only mild to moderate thumb basal joint arthritis on her right thumb and more advanced arthritis, with joint space narrowing down to "bone on bone" for her left thumb.  (Tr. 678.)  During the period before and immediately after the date last insured, Dunscombe's thumb impairments appeared to be well controlled with medication and not disabling.

Dunscombe visited Dr. Ashok Kumar and Dr. Chad Shelton for her lower back pain.  In January 2013, Dunscombe visited Dr. Shelton.  At her initial visit, she stated that she had previously tried anti-inflammatories and chiropractic therapy without a significant amount of

improvement. (Tr. 387.) She also reported significant difficulty rolling over in bed and transferring weight from one position to the next. (Tr. 387.) Dr. Shelton gave her a left sided sacroiliac joint injection. (Tr. 388.) At her next visit with him on January 29, 2013, Dunscombe reported "complete resolution of her back pain with a left sided sacroiliac joint injection." (Tr. 385.) At this visit, Dr. Shelton performed a left sided sciatic block for pain for left buttock muscular pain. (Tr. 385-86.) Duncombe visited Dr. Shelton again in July 2013. At the July 2013 visit, Dunscombe reported that the previous injections "significantly resolved her left sided pain." (Tr. 383.) She then requested injections to address pain on both sides, with the right side being the most significant. (Tr. 383.) Dr. Shelton then performed bilateral sacroiliac joint injections. (Tr. 383.) During her May 2014 visit with Dr. Kumar, Dunscombe reported that she had previous injections that helped her with good relief of her symptoms. (Tr. 392, 394.) Dr. Kumar then performed selective right L4and left L3 transforaminal epidural injections. (Tr. 394.)

If an impairment can be controlled by treatment or medication, it cannot be considered disabling." *Wildman v. Astrue*, 596 F.3d 959, 965 (8th Cir. 2010) (citing *Brown v. Barnhart*, 390 F.3d 535, 540 (8th Cir. 2004). While objective evidence substantiated Dunscombe's symptoms and pain allegations, the treatment notes from Drs. Shetty, Haueisen, Shelton, and Kumar indicate that her pain was well controlled by medication and provide no support for disabling symptoms before the date last insured. The Court notes that Dr. Shetty treated Dunscombe for several years, but that alone does not outweigh the lack of support in the record for Dr. Shetty's opinion regarding Dunscombe's impairments before the expiration of Dunscombe's date last insured. Also, Dunscombe's argument that the ALJ failed to follow the Appeal's Council's directive in its remand of the first ALJ's order is not well founded in that the Appeals Council declined to review the

ALJ's second decision. Further, the law of the case doctrine[3] does not apply, because the Appeals Council's first order did not hold that Dr. Shetty's opinion would change the ALJ's decision, the order simply directed the ALJ to consider the opinion. (Tr. 136-37.) The Court finds that the ALJ did not err in his evaluation of Dr. Shetty's opinion.

### 2. Medical Expert Dr. Subramaniam Krishnamurthi[4]

Dr. Subramaniam Krishnamurthi testified as a medical expert at the second administrative hearing on May 10, 2018. (Tr. 34-44.) At the hearing, Dr. Krishnamurthi testified that Dunscombe had degenerative joint disease of the lumbar and low spines, degenerative joint disease of the cervical spines, diabetes, hypertension, and history of surgery of both thumbs. (Tr. 35.) Dr. Krishnamurthi stated that he did not know before the hearing that he was to give an opinion on her limitations before her date last insured, but he would still give the opinion. (Tr. 35.) Initially, Dr. Krishnamurthi testified that Dunscombe's limitations would include frequently handling, fingering, feeling, and grasping. (Tr. 36.) Then, he changed his opinion and stated that Dunscombe would be limited to occasionally handling, fingering, feeling, and grasping in 2014, but did not elaborate whether this was during the insured time period. (Tr. 37.)

The ALJ gave partial weight to Dr. Krishnamurthi's opinion, but discounted Dr. Krishnamurthi's opinion that Dunscombe could only occasionally handle, finger, feel, and grasp. (Tr. 21.) The ALJ stated that Dr. Krishnamurthi's opinion was based on Dr. Shetty's medical source statement and not an independent review of the objective findings and it was contradicted by claimant's description of her actual functioning. (Tr. 21.) Duncombe contends that this was reversible error because Dr. Krishnamurthi did not testify that his opinion was based on Dr.

---

[3] "The law of the case doctrine prevents the relitigation of a settled issue in a case and requires courts to adhere to decisions made in earlier proceedings." *Brachtel v. Apfel*, 132 F.3d 417, 419 (8th Cir. 1997).
[4] Dr. Krishnamurthi's name is written incorrectly in the transcript as "Christian Amooti." (Tr. 29-44.)

8

Shetty's medical source statement and it would not be improper to do so in any event.  Dunscombe also contends that her written adult function report was completed by someone else.

A review of the evidence as a whole demonstrates that the ALJ's assessment of Dr. Krishnamurthi's opinion is supported by substantial evidence.  During the relevant time period, the evidence in the record indicates that Dunscombe cooked, cleaned, shopped and did laundry (with assistance according to her).  (Tr. 313-15.)  The record also indicates that Dunscombe disputed her doctor's notes regarding the success of her treatment or her abilities.  (Tr. 52, 84.) Between February 2014 and August 2014, she told her chiropractor that she was sore from lifting her mom, lifting her husband's equipment and helping him after knee surgery, going through boxes and files, sitting too long while getting her toenails done, and vacuuming.  (Tr. 1024, 1026, 1028, 1038, 1055, 1057, 1068.)  She reported receiving some relief from adjustments and medication throughout her treatment with the chiropractor.  (Tr. 1024, 1026, 1028, 1030, 1033, 1035, 1038, 1041, 1043, 1048.)  Despite Dunscombe's testimony disputing some of the doctor's treatment notes, she regularly reported relief of her symptoms after receiving either injections, adjustments, or medication.  Her activities do not indicate that she could only occasionally handle, finger, feel, or grasp.  "Evidence of daily activities that are inconsistent with allegations of disabling pain may be considered in judging the credibility of such complaints."  *Reece v. Colvin*, 834 F.3d 904, 910 (8th Cir. 2016) (citing *Dunahoo v. Apfel*, 241 F.3d 1033, 1038–39 (8th Cir. 2001)).  For the foregoing reasons, the Court finds that the ALJ did not err in the consideration of the medical opinion evidence.

### B. Closed Period of Disability

Next, Dunscombe contends that the ALJ should have found that she had a closed period of disability from between 2014 and February 2016.  The Commissioner may award Social Security

disability benefits, "either on a continuing basis or for a 'closed' period." *Harris v. Sec'y of Dep't of Health and Human Servs.*, 959 F.2d 723, 724 (8th Cir. 1992). The Eighth Circuit "has consistently held that disability is not an 'all or nothing' proposition; a claimant who is not entitled to continuing benefits may well be eligible to receive benefits for a specific period of time." *Harris*, 959 F.2d at 724. "If evidence presented shows that a plaintiff was unable to work for at least twelve months, but recovered the ability to work before the decision on her claim is made, she may be eligible for disability benefits for the time she was unable to work." *Sarah B. v. Saul*, No. 4:19-CV-1761 JMB, 2020 WL 3172466 at *7 (E.D. Mo. June 15, 2020). To qualify for a closed period of disability, the disabling condition must last for at least 12 months. *Karlix v. Barnhart*, 457 F.3d 742, 747 (8th Cir. 2006). Even within a closed period of disability, a claimant must still meet the definition of disability. *Overy v. Berryhill*, No. 4:18-CV-264 ACL, 2019 WL 1379965 at *9 (E.D. Mo. Mar. 27, 2019). Because the Court has found that the ALJ properly determined Dunscombe not to be disabled at any time during the relevant period, the ALJ did not err in failing to consider a closed period of disability.

## IV.     Conclusion

The Court finds that substantial evidence supports the ALJ's decision as a whole. As noted earlier, the ALJ's decision should be affirmed "if it is supported by substantial evidence, which does not require a preponderance of the evidence but only enough that a reasonable mind would find it adequate to support the decision, and the Commissioner applied the correct legal standards." *Turpin v. Colvin*, 750 F.3d 989, 992-93 (8th Cir. 2014). The Court cannot reverse merely because substantial evidence also exists that would support a contrary outcome, or because the court would have decided the case differently. *Id.* Substantial evidence supports the Commissioner's final decision.

Accordingly,

**IT IS HEREBY ORDERED** that the relief requested in Plaintiff's Complaint and Brief in Support of Complaint is **DENIED**.  [Docs. 1, 10.]

**IT IS FURTHER ORDERED** that the Court will enter a judgment in favor of the Commissioner affirming the decision of the administrative law judge.

**IT IS FURTHER ORDERED** that the Clerk of Court shall substitute Andrew M. Saul for Nancy A. Berryhill in the court record of this case.

 

                                            NANNETTE A. BAKER
                                            UNITED STATES MAGISTRATE JUDGE

Dated this 6th day of October, 2020.